```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 1-15-13
```

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALEXANDER S. ORENSHTEYN,                    :
                                            :
                            Plaintiff,      :
                                            :          **OPINION AND ORDER**
              - against -                   :
                                            :          02 Civ. 5074 (JGK) (RLE)
INTERNATIONAL BUSINESS MACHINES             :
CORPORATION,                                :
                                            :
                            Defendant.      :

**RONALD L. ELLIS, United States Magistrate Judge:**

Defendant International Business Machines Corporation ("IBM") challenges the

sufficiency of Plaintiff Alexander Orenshteyn's ("Orenshteyn") amended privilege log.  It argues

that Orenshteyn's "[privilege] log plainly fails to adequately set forth a basis for claiming

privilege."  IBM Letter to the Court dated December 16, 2011 ("IBM's Dec. 16 Let.") at 3.  IBM

also requests production of a number of nonprivileged items which it has not received from

Orenshteyn. *Id.* at 2-3.  Orenshteyn asserts that the amended privilege log is sufficient as the

conversations listed in the log discussed the "validity, infringement and the scope of the claims

of the patents in suit."  Orenshteyn Letter to the Court dated December 12, 2011 ("Orenshteyn's

Dec. 12 Let.").   Orenshteyn also states that he was not able to produce nonprivileged material

because his former counsel had failed to provide his current counsel access to the files.

Orenshteyn Letter to the Court dated November 30, 2011 ("Orenshteyn's Nov. 30 Let.") at 1-2.

**A.       Privilege Issues**

"To invoke attorney-client privilege, a party must demonstrate that there was: (1) a

communication between client and counsel, which (2) was intended to be and was in fact kept

confidential, and (3) made for the purpose of obtaining or providing legal advice." *United States*

*v. Constr. Products Research, Inc.*, 73 F.3d 464, 473 (2d Cir. 1996).  To invoke the work product doctrine, a party "must show that the documents were prepared principally or exclusively to assist in anticipated or ongoing litigation."  *Id.*  Parties generally submit a privilege log to facilitate the determination of whether documents are privileged.  A privilege log should "identify each document and the individuals who were parties to the communications, providing sufficient detail to permit a judgment as to whether the document is at least potentially protected from disclosure."  *Bowne of New York City, Inc. v. AmBase Corp.*, 150 F.R.D. 465, 474 (S.D.N.Y. June 3, 1993).  The party asserting the privilege carries the burden of proving its applicability.  *United States v. Adlman*, 68 F.3d 1495, 1499 (2d Cir. 1995).

This Court has reviewed Orenshteyn's amended privilege log, and finds that it adequately describes the documents claimed to be privileged.  The amended log indicates whether a particular document is claimed to be privileged,[1] whether it has been produced, previously produced, or produced in redacted form.  *See* Orenshteyn's Dec. 12 Let., Ex. A.  The log also gives adequate bases for asserting the privilege claimed.  *Id.* (Entry No. 12, "request for legal advice re issuance of patent and infringement by IBM").  To the extend a document contains publicly accessible websites, those websites are included in the log.  *Id.*

IBM flags three items – 2, 4, and 37 – and asserts that the documents listed lack adequate explanation to assert privilege.  IBM's Dec. 16 Let. at 3.  With respect to item 2, Orenshteyn provides, "Fwd Newsletter from PartnerWorld, no discussion, no attachment."  Orenshteyn's Dec. 12 Let., Ex. A.  The Court agrees that this description fails to carry Orenshteyn's burden, and the document at issue shall not be withheld as privileged.  Similarly, items 4 and 37 do not

---

[1]The Court interprets a blank designation in the column headed "Status" as a concession that the document at issue will not be withheld as privileged.

qualify as privileged based on the description provided.  In any case, Orenshteyn does not appear to claim the documents are privileged.  *See id.*  Items 2, 4, and 37, therefore, must be produced.

**B.     Failure to Produce Issues**

As noted above, Orenshteyn asserts that he has been unable to produce certain documents requested by IBM because his previous counsel has not provided access to his current counsel. This difficulty was raised by Orenshteyn more than a year ago.  It is, however, Orenshteyn's responsibility to secure his files, and IBM should not be prejudiced by the dispute.  To the extent this problem remains, Orenshteyn must obtain the files from former counsel and produce any nonprivileged documents to IBM.  Orenshteyn is **HEREBY ORDERED** to respond to all outstanding document requests by **January 31, 2013**.

**SO ORDERED this 15th day of January 2013**
**New York, New York**

The Honorable Ronald L. Ellis
United States Magistrate Judge

3